Heinrich Fritz **BACHMANN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18681.

United States Court of Appeals Ninth Circuit.

Jan. 16, 1964.

**416**

Milan Moacanin, Hollywood, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of the Civil Section and James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges and THOMPSON, District Judge.

**PER CURIAM.**

Bachmann appeals from a judgment denying his petition for naturalization. The basis of denial was that he applied for exemption from training or service in the armed forces on the ground that he is an alien, and was relieved from such service on such ground. (Immigration and Nationality Act, 66 Stat. 242, § 315 (a), 8 U.S.C. § 1426(a).) The court found that, on October 9, 1953, Bachmann did request such relief on the ground of his Swiss nationality, that he was informed by his local draft board of the provisions of Section 315, and that he was relieved from training and service because of his request. It did not make any finding as to when he was so informed, or as to whether, when he made the request, he "knowingly and intentionally" waived his rights to citizenship. (See Moser v. United States, 1951, 341 U.S. 41, 47, 71 S.Ct. 553, 556, 95 L.Ed. 729.)

The Government asks us to treat the findings that were made as equivalent to a finding that there was a knowing and intentional waiver. However, the record in this case leaves us in some doubt as to whether that was the court's intention.

The judgment is vacated and the matter is remanded to the District Court with directions to reopen the matter solely as to whether Bachmann did or did not knowingly and intentionally waive his rights to citizenship, indicating the evidence upon which such finding is based, and to enter such judgment as may then be deemed appropriate. The District Court may make its findings upon the present record, or may receive further evidence, limited to the issue of waiver, in its discretion. If there be a new appeal, it may be heard upon the present record, supplemented by the court's further findings and judgment, and by the additional evidence, if any, that may be received.