**Petition for Naturalization of Ove MADSEN.**

**No. 248829-F.**

United States District Court
C. D. California.

May 19, 1967.

Ove Madsen, in pro. per.

Sidney H. Gren, Gen. Atty. (Nationality), Los Angeles, Cal., Immigration and Naturalization Service, for respondent.

## ORDER GRANTING PETITION FOR NATURALIZATION

FERGUSON, District Judge.

The petitioner, a native and national of Denmark, on February 25, 1963, filed a Petition for Naturalization under the provisions of 8 U.S.C. § 1427. The Immigration and Naturalization Service recommended against granting the petition and filed its report pursuant to 8 U.S.C. § 1446(d). The petition is before the Court upon a final hearing pursuant to 8 U.S.C. § 1447(a).

The basis for the recommendation against granting the petition is the fact that on May 9, 1951, the petitioner signed Selective Service Form 130, Application by Alien For Relief From Training and Service in the Armed Forces.

8 U.S.C. § 1426(a) in effect, on May 9, 1951, provided that an alien of a neutral country who makes application for exemption from the Selective Service System on the ground that he is an alien,

if relieved from military service on that ground, shall be permanently ineligible to become a citizen of the United States.

The issue is whether the petitioner knowingly and intentionally made an independent choice between citizenship of the United States and exemption from service in the Armed Forces when he signed the claim for exemption (SSS Form 130). Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951); Bachmann v. United States, 327 F.2d 415 (9th Cir. 1964). It is the finding of the Court that he did not and therefore the petition for citizenship should be granted.

The facts concerning the defendant and his processing under the Selective Service System are unusual and require a somewhat detailed analysis.

The petitioner was born on August 2, 1926, in Soby, Denmark. He arrived in the United States on April 25, 1950, and filed his Declaration of Intention to become a citizen with the United States District Court at Dayton, Ohio, on September 6, 1950.

He then moved to Solvang, California, a community composed mainly of people of Danish descent. On October 2, 1950, he registered with his local Selective Service Board, and on December 20, 1950, was classified 1–A. He was ordered to report for induction on February 6, 1951, but this order was recalled two days later pending receipt of information of petitioner's underground service in Denmark during World War II. When the information was not forthcoming he was again ordered, on May 2, 1951, to report for induction.

It was during this time that petitioner had made arrangements for his fiancee to come from Denmark to the United States. She could not speak English, and the petitioner was most concerned about her welfare if he was in the service. He went to his Draft Board, intending to ask for a deferment for one year.

Although petitioner was accompanied by a friend to the Draft Board to seek the one-year deferment, he did not comprehend just exactly what happened. In fact, to this date he still does not realize what happened or why the Immigration and Naturalization Service refuses to consent to his petition for citizenship. He thinks that it is because he was arrested by the F. B. I., as this opinion will later disclose.

His Local Draft Board gave him Form 130 and apparently did its best to explain its provisions to him. He signed it, yet the Court is convinced beyond any doubt whatsoever that he did not and still does not realize the significance of his alleged waiver of citizenship. This finding of the Court is corroborated twice by events which occurred subsequent to his signing the waiver of citizenship.

On May 23, 1951, his Local Board classified petitioner as 4–C. Then for some reason which is unexplained by the oral and documentary evidence received by the Court, his Draft Board, on January 8, 1952, reclassified petitioner as 1–A as "being no longer eligible for Class 4–C by reason of SSS–103". The former Clerk of the Local Board testified that Selective Service regulations were so confusing that not even she was able to keep track of them all.

On January 25, 1952, petitioner was ordered to report for induction. The petitioner knew that his requested one-year deferment had not yet expired, and he wrote to the Army explaining the matter. In the natural course of events, when he failed to report for induction, he was arrested by the F. B. I.

He was then duly arraigned before a United States Commissioner in Los Angeles. In his report, the Commissioner states: "Am not satisfied defendant understands his status." The Court is satisfied that he did not.

The Commissioner did not feel it advisable to proceed further with the petitioner's arraignment and sent him to the Danish Vice Consul in Los Angeles for consultation.

Shortly after that, the United States Attorney informed petitioner that if he reported for immediate induction the

criminal proceedings for draft evasion would be dropped. The petitioner did. On June 25, 1952, he reported at the United States Army Induction Center, was processed for induction and "rejected for service in the Armed Forces as a mental reject due to a language difficulty".

A careful observation of the petitioner in Court, a study of the F. B. I. report which was presented to the Court in camera, and an analysis of the oral and documentary evidence presented in this matter reveals that the petitioner is a hard-working, law-abiding, conscientious person. He is a solid, plodding individual who in Court or in a strange environment simply is not able to communicate. He struggles so hard to present his claim of citizenship that he becomes mentally blocked and places a simple blind trust in all those in authority. This is not to say that he is dull or mentally impoverished. It means that by reason of his character, training and language difficulties he simply was not and is not able to comprehend the intricacies of the governmental actions which have woven themselves around him. When he presented himself to his Draft Board all he wanted to do was obtain a little time in which he could decently and properly provide for his wife while he was away in the Armed Forces. He never dreamed, let alone intended, that he would end up signing a document that purported to bar him forever from citizenship.

It is the finding of this Court that the execution by petitioner of SSS 130, on May 9, 1951, does not bar him from citizenship for the reasons set forth above.

It is the order of this Court that the petition for citizenship be granted.

It is further ordered that this Opinion shall constitute the Findings of Fact and Conclusions of Law.

It is the further order of this Court that the Immigration and Naturalization Service produce the petitioner before this Court within 30 days from the date hereof in order to formally induct the petitioner as a citizen of the United States.

It is further ordered that the Clerk this date shall serve copies of this Order by United States mail upon the parties appearing in this cause.